**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

District of Delaware

Case number *(if known)* _____ Chapter ___11___

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy
04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Impresa Holdings Acquisition Corporation |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 47-2015982 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 344 W. 157th St., Gardena, CA 90248 | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| Los Angeles County | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.impresaaerospace.com |

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | Impresa Holdings Acquisition Corporation | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

3364

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No.
☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No
☒ Yes.

| | Debtor | See attached Schedule 1 | Relationship | Affiliate |
|---|---|---|---|---|
| | District | Delaware | When | Case number, if known |

Debtor    Impresa Holdings Acquisition Corporation                              Case number (*if known*) _____
          _____
          Name

**11. Why is the case filed in** *Check all that apply:*
**this district?**

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately
preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or**     ☒ No
**have possession of any**
**real property or personal**       ☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.
**property that needs**
**immediate attention?**                    **Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example,
livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                                        Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of**  .    *Check one:*
**available funds**
☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of**   ☒ 1-49                      ☐ 1,000-5,000                   ☐ 25,001-50,000
**creditors**                 ☐ 50-99                     ☐ 5001-10,000                   ☐ 50,001-100,000
                              ☐ 100-199                   ☐ 10,001-25,000                 ☐ More than100,000
                              ☐ 200-999

---

**15. Estimated Assets**      ☒ $0 - $50,000              ☐ $1,000,001 - $10 million      ☐ $500,000,001 - $1 billion
                              ☐ $50,001 - $100,000        ☐ $10,000,001 - $50 million     ☐ $1,000,000,001 - $10 billion
                              ☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million    ☐ $10,000,000,001 - $50 billion
                              ☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million   ☐ More than $50 billion

---

**16. Estimated liabilities**  ☐ $0 - $50,000             ☐ $1,000,001 - $10 million      ☐ $500,000,001 - $1 billion
                               ☐ $50,001 - $100,000       ☒ $10,000,001 - $50  million    ☐ $1,000,000,001 - $10 billion
                               ☐ $100,001 - $500,000      ☐ $50,000,001 - $100 million    ☐ $10,000,000,001 - $50 billion
                               ☐ $500,001 - $1 million    ☐ $100,000,001 - $500 million   ☐ More than $50 billion

---

| Debtor | Impresa Holdings Acquisition Corporation | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   09/24/2020
              MM / DD / YYYY

**X**   /s/ Steven F. Loye                           Steven F. Loye
Signature of authorized representative of debtor      Printed name

Title   Chief Executive Officer

**18. Signature of attorney**

**X**   /s/ Matthew B. Harvey                        Date 09/24/2020
Signature of attorney for debtor                          MM / DD / YYYY

Matthew B. Harvey
Printed name

Morris, Nichols, Arsht & Tunnell LLP
Firm name

1201 North Market Street, Wilmington, DE 19801-1347
Number, Street, City, State & ZIP Code

Contact phone   (302) 658-9200        Email address   mharvey@mnat.com

5186        DE
Bar number and State

## Schedule 1

## Pending or Current Bankruptcy Cases Filed by Affiliates

On September 24, 2020, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  A motion has been filed with the Court requesting that the chapter 11 cases of these entities be jointly administered for procedural purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
| --- | --- |
| Impresa Holdings Acquisition Corporation | 47-2015982 |
| Impresa Acquisition Corporation | 47-2016088 |
| Impresa Aerospace, LLC | 95-4791706 |
| Goose Creek, LLC Corporation | 61-1765777 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| **IMPRESA HOLDINGS ACQUISITION CORPORATION,** *et al.*, | Case No. 20-_____ (___) |
| Debtors.[1] | Joint Administration Requested |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY SECURITY HOLDERS**

Pursuant to rules 1007(a)(1), 1007(a)(3) and 7007.1 of the Federal Rules of Bankruptcy Procedure and rule 1007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware, the above-captioned debtors and debtors in possession hereby state as follows:

- Debtors Impresa Aerospace, LLC, and Goose Creek, LLC, are 100% owned by debtor Impresa Acquisition Corporation ("IAC").

- IAC is 100% owned by debtor Impresa Holdings Acquisition Corporation ("IHAC").

- Twin Haven Special Opportunities Fund IV, L.P. owns 88.9% of IHAC.

- Impresa Aerospace Holdings LLC owns 2.8% of IHAC.

- HPEP II Venture Holdings Inc. owns 4.1% of IHAC.

- HSBC Equity Partners USA, L.P. owns 4.1% of IHAC.

- Hugh Quigley, an individual, owns .1% of IHAC.

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Impresa Holdings Acquisition Corporation (5982); Impresa Acquisition Corporation (6088); Impresa Aerospace, LLC (1706); and Goose Creek, LLC (5777). The Debtors' mailing address is 344 W 157th St, Gardena, CA 90248.

**Fill in this information to identify the case:**

Debtor name ___Impresa Holdings Acquisition Corporation, et al.___

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Sandra Gutierrez, et al.** c/o Lawyers for Justice, PC Attn: Edwin Aiwazian 410 Arden Ave Suite 203 Glendale, CA 91203  **Sandra Gutierrez, et al.** Attn: Anthony J. Orshansky c/o CounselOne, P.C. 9301 Wilshire Blvd. Suite 650 Beverly Hills, CA 90210 | P: P: 818-587-8423 F:  818-265-1021 E: edwin@calljustice.com   P: 310-277-9945 F:  424-277-3727 E: anthony@counselonegroup.com | Class Action | **Contingent, Unliquidated, & Disputed** | | | **Unliquidated** |
| 2 | **Carpenter Technology Corporation** PO Box 31001-0867 Pasadena, CA 91110-0867 | P: 800-654-6543 E: csc@cartech.com | Trade Debt | **Contingent, Unliquidated, & Disputed** | | | **$2,210,357.06** |
| 3 | **VISSER** Attn: Carrie Daniels 6275 E 39th Avenue Denver, CO 80207 | P: 303-454-1650 E: carrie.daniels@visserprecision.com | Trade Debt | **Contingent, Unliquidated, & Disputed** | | | **$641,301.66** |
| 4 | **CNC** Attn: P. Murphy 10559 Citation Dr. Ste. 204 Brighton, MI 48116 | P: 810-229-2601 E: Pmurphy@sterlingcommercialcredit.com | Trade Debt | **Contingent, Unliquidated, & Disputed** | | | **$314,518.75** |
| 5 | **KAMATICS** Attn: Leona Bevins 1330 Blue Hills Ave Bloomfiled, CT 06002 | P: 860-243-9704 E: Leona.Bevins@kaman.com | Trade Debt | | | | **$181,000.00** |
| 6 | **AMERICAN EXPRESS** BOX 0001 LOS ANGELES, CA 90096-8000 | P: 888-257-7775 F: 772-360-4756 E: amexsru@aexp.com | Trade Debt | | | | **$110,726.00** |
| 7 | **BOWMAN** 2631 East 126th Street Compton, CA 90222 | P: 310-639-4343 E: invoice@bowmanplating.com | Trade Debt | | | | **$101,713.97** |

Debtor    Impresa Holdings Acquisition Corporation, et al.

Name

Case number *(if known)*_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | **ASTRO**<br>11040 Palmer Ave<br>South Gate, CA 90280-7408 | P: 562-923-4344<br>E: arpayments@astroaluminum.com | Trade Debt | | | | **$53,794.96** |
| 9 | **EPICOR SOFTWARE**<br>804 Las Cimas Pkwy, Ste 200<br>Austin, TX 78746 | P: 888-354-5812<br>E: BusinessOps@epicor.com | Trade Debt | | | | **$28,694.23** |
| 10 | **APOLLO METAL SPINNING**<br>15315 Illinois Ave<br>Paramount, CA 90723 | P: 562-634-5141<br>E: apollms@aol.com | Trade Debt | | | | **$22,508.50** |
| 11 | **TRI-PROCESS COMPANY**<br>Attn: Ashlee Nenorta<br>7721 Jefferson St<br>Paramount, CA 90723 | P: 323-770-0240<br>E: ashlee.nenorta@valencest.com | Trade Debt | | | | **$21,495.00** |
| 12 | **E.M.E.**<br>PO Box 4998<br>Compton, CA 90224 | P: 310-639-1621<br>E: emeacct@emeplating.com | Trade Debt | | | | **$15,150.40** |
| 13 | **JCR AIRCRAFT DEBURRING**<br>Attn: Lili<br>221 Foundation Ave<br>La Habra, CA 90631 | P: 714-870-4427<br>E: lili@jcrindustries.com | Trade Debt | | | | **$10,125.00** |
| 14 | **BRALCO METALS**<br>Attn: M. M Guzman<br>15090 Northams Street<br>La Mirada, CA 90638 | P: 714-736-4800<br>E: mguzman@bralco.com | Trade Debt | | | | **$9,980.03** |
| 15 | **BOEING DISTRIBUTION KLX**<br>88289 Expedite Way<br>Chicago, IL 60695-0001 | P: 305-925-2600<br>E: bcaedimanagement@boeing.com | Trade Debt | | | | **$9,122.83** |
| 16 | **QA LUBRICANTS**<br>Attn: Rosie<br>12223 Highland Ave, Unit 106-372<br>Rancho Cucamonga, CA 91739 | P: 877-877-6221<br>E: rosie@qalube.com | Trade Debt | | | | **$6,688.00** |
| 17 | **DT MACHINE**<br>1891 E Maraloma Ave<br>Placentia, CA 92870 | P: 714-528-8384<br>E: dtm411@yahoo.com | Trade Debt | | | | **$4,992.00** |
| 18 | **AVIATION EQUIPMENT**<br>1571 MacArthur Blvd<br>Costa Mesa, CA 92626 | P: 310-354-1200<br>E: accounting@aveprocessing.com | Trade Debt | | | | **$3,995.65** |
| 19 | **ALL METALS PROCESSING**<br>Attn: Elaine C.<br>8401 Standustrial Street<br>Stanton, CA 90680 | P: 714-828-8238<br>E: ElaineC@Amp-oc.com | Trade Debt | | | | **$3,835.43** |

Debtor    Impresa Holdings Acquisition Corporation, et al.
Name

Case number (if known)_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 **PRECISION AEROSPACE** 11155 Jersy Blvd Rancho Cucamonga, CA 91730 | P: 909-980-8855 E: apinvoices@pac.cc | Trade Debt | | | | **$3,781.00** |
| 21 **IVERSON TOOL** Attn: Gwen 1100 Pioneer Way El Cajon, CA 92020 | P: 800-547-4633 E: gwen@iversontool.com | Trade Debt | | | | **$2,645.15** |
| 22 **CDW DIRECT** PO Box 75723 Chicago, IL 60675-5723 | P: 480-270-7361 E: credit@cdw.com | Trade Debt | | | | **$2,232.49** |
| 23 **R.S. HUGHES** 10639 Glenoaks Blvd Pacoima, CA 91331 | P: 818-686-9111 E: losangeles@rshughes.com | Trade Debt | | | | **$1,993.92** |
| 24 **ERNEST PACKAGING** 5777 Smithway Street Commerce, CA 90040 | P: 323-923-3173 E: losangelescredit@ernestpkg.com | Trade Debt | | | | **$1,883.96** |
| 25 **WESTAIR** Attn: C. Rubio 3001 E Miraloma Ave Anaheim, CA 92806 | P: 714-860-4840 E: crubio@westairgases.com | Trade Debt | | | | **$1,535.12** |
| 26 **ADEPT FASTENERS** PO Box 579 Santa Clarita, CA 91310 | P: 661-257-6600 E: AR@Adeptfasteners.com | Trade Debt | | | | **$1,125.00** |
| 27 **KAISER ALUMINUM** PO Box 100203 Pasadena, CA 91189-0203 | P: 949-614-1778 E: creditdept@kaiseraluminum.com | Trade Debt | | | | **$1,055.55** |
| 28 **CASTLE METALS** PO Box 31001-2507 Pasadena, CA 91110-2507 | P: 847-349-2597 E: WestCredit@amcastle.com | Trade Debt | | | | **$1,052.00** |
| 29 **BOEING COMMERCIAL AIRPLANE CO** Attn: Antonia N. Stanfill PO Box 3707 Seattle, WA 98124-2207 | P: 425-237-3298 E: antonia.n.stanfill@boeing.com | Trade Debt | | | | **$957.88** |
| 30 **MORRELL'S** Attn: Maria 432 E Euclid Ave Compton, CA 90222 | P: 310-639-1024 E: maria@morrellsplating.com | Trade Debt | | | | **$648.00** |

**UNANIMOUS WRITTEN CONSENT OF THE BOARDS OF DIRECTORS OF
IMPRESA HOLDINGS ACQUISITION CORPORATION;
IMPRESA ACQUISITION CORPORATION;
AND IMPRESA ACQUISITION CORPORATION AS
SOLE MEMBER OF IMPRESA AEROSPACE, LLC;
AND IMPRESA ACQUISITION CORPORATION AS SOLE MEMBER
AND MANAGER OF GOOSE CREEK, LLC**

The undersigned, being all of the members of the boards of directors (each, a "Board") of Impresa Holdings Acquisition Corporation ("IHAC") and Impresa Acquisition Corporation ("IAC") for itself and as sole member of Impresa Aerospace, LLC ("Impresa") and sole member and manager of Goose Creek, LLC ("Goose Creek," and with IHAC, IAC and Impresa, each a "Company" and together, the "Companies"), consent to and adopt the following resolutions:

**WHEREAS**, the Boards have reviewed and have had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Companies regarding the liabilities and liquidity of each Company, the strategic alternatives available to it and the impact of the foregoing on each Company's business; and

**WHEREAS**, the Boards have had the opportunity to consult with the management and the legal and financial advisors of each Company to fully consider, and have considered, the strategic alternatives available to such Company;

**NOW, THEREFORE, BE IT RESOLVED**, that, with respect to each Company, the Boards have determined, after consultation with the management and the legal and financial advisors of each Company, that it is desirable and in the best interests of each Company and its stockholders, creditors, and other interested parties that a voluntary petition (each, a "Petition," and, together, the "Petitions") be filed by each Company under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and be it further

**RESOLVED**, that any officer of each Company (each, an "Authorized Person"), in each case, acting individually or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, verify, deliver, and file with the Bankruptcy Court, in the name and on behalf of the applicable Company, and under its corporate seal or otherwise, all petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, plans, and other documents (collectively, the "Chapter 11 Filings") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

**RESOLVED**, that any Authorized Person, in each case, acting individually or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the applicable Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection

with such Company's chapter 11 case (each, a "Chapter 11 Case," and, together, the "Chapter 11 Cases") or the Chapter 11 Filings, including, without limitation, (i) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, such Company's Chapter 11 Case with a view to the successful prosecution of such Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

RESOLVED, that any Authorized Person, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of each Company, to retain (i) Morris, Nichols, Arsht & Tunnell LLP, as general bankruptcy counsel; (ii) Duff & Phelps Securities, LLC, to provide investment banking services; (iii) Holthouse Carlin & Van Trigt LLP to provide a quality of earnings report and related services; and (iv) Bankruptcy Management Solutions, Inc. d/b/a Stretto, as claims and noticing agent and administrative agent, in each case on such terms as any Authorized Person shall deem necessary, appropriate or desirable and subject to any required approvals of the Bankruptcy Court; and it is further

RESOLVED, that, with respect to each Company, any Authorized Person, any one of whom may act without the joinder of any of the others, hereby is authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the applicable Company, to take and perform any and all further acts or deeds, including, but not limited to (i) the engagement or retention of such further accountants, counsel, consultants or advisors; (ii) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required; (iii) the execution, delivery and filing (if applicable) of any of the foregoing; and (iv) the payment of all fees, consent payments, taxes and other expenses; all of the foregoing, as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, with all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard; and be it further

RESOLVED, that any and all past actions heretofore taken by any Authorized Person or any director of any Company in the name and on behalf of such Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

**IN WITNESS WHEREOF**, the undersigned directors have executed this consent on the dates set forth below.

<table>
<tr>
<td>

_____

Robert B. Webster
Date: September 23, 2020

</td>
<td>

Steven F. Loye
Date: September 23, 2020

</td>
</tr>
<tr>
<td>

_____

Paul L. Mellinger
Date: September 23, 2020

</td>
<td>

_____

Michael Vinci
Date: September 23, 2020

</td>
</tr>
<tr>
<td>

_____

W. Jonathan Finch
Date: September 23, 2020

</td>
<td>

_____

Gregg Yorkison
Date: September 23, 2020

</td>
</tr>
<tr>
<td>

_____

Eric Jensen
Date: September 23, 2020

</td>
<td></td>
</tr>
</table>

IN WITNESS WHEREOF, the undersigned directors have executed this consent on the dates set forth below.

Robert B. Webster
Date: September 23, 2020

Steven F. Loye
Date: September 23, 2020

Paul L. Mellinger
Date: September 23, 2020

Michael Vinci
Date: September 23, 2020

W. Jonathan Finch
Date: September 23, 2020

Gregg Yorkison
Date: September 23, 2020

Eric Jensen
Date: September 23, 2020

3

**IN WITNESS WHEREOF**, the undersigned directors have executed this consent on the dates set forth below.

_____
Robert B. Webster
Date: _____

_____
Steven F. Loye
Date: _____

_____
Paul L. Mellinger
Date: _____

_____
Michael Vinci
Date: _____

_____
W. Jonathan Finch
Date: 9/22/20

_____
Gregg Yorkison
Date: _____

_____
Eric Jensen
Date: _____

3

**IN WITNESS WHEREOF**, the undersigned directors have executed this consent on the dates set forth below.

_____
Robert B. Webster
Date: September 23, 2020

_____
Steven F. Loye
Date: September 23, 2020

_____
Paul L. Mellinger
Date: September 23, 2020

_____
Michael Vinci
Date: September 23, 2020

_____
W. Jonathan Finch
Date: September 23, 2020

_____
Gregg Yorkison
Date: September 23, 2020

_____
Eric Jensen
Date: September 23, 2020

**IN WITNESS WHEREOF**, the undersigned directors have executed this consent on the dates set forth below.

_____
Robert B. Webster
Date: September 23, 2020

_____
Steven F. Loye
Date: September 23, 2020

_____
Paul L. Mellinger
Date: September 23, 2020

_____
Michael Vinci
Date: September 23, 2020

_____
W. Jonathan Finch
Date: September 23, 2020

_____
Gregg Yonkison
Date: September 23, 2020

_____
Eric Jensen
Date: September 23, 2020

**IN WITNESS WHEREOF**, the undersigned directors have executed this consent on the dates set forth below.

Robert B. Webster
Date: September 23, 2020

Steven F. Loye
Date: September 23, 2020

Paul L. Mellinger
Date: September 23, 2020

Michael Vinci
Date: September 23, 2020

W. Jonathan Finch
Date: September 23, 2020

Gregg Yorkison
Date: September 23, 2020

Eric Jensen
Date: September 23, 2020

**UNANIMOUS WRITTEN CONSENT OF THE RESTRUCTURING COMMITTEE OF
IMPRESA HOLDINGS ACQUISITION CORPORATION;
IMPRESA ACQUISITION CORPORATION;
AND IMPRESA ACQUISITION CORPORATION AS
SOLE MEMBER OF IMPRESA AEROSPACE, LLC;
AND IMPRESA ACQUISITION CORPORATION AS SOLE MEMBER
AND MANAGER OF GOOSE CREEK, LLC**

The undersigned, being all of the members of the restructuring committee (the "Restructuring Committee") of Impresa Holdings Acquisition Corporation ("IHAC") and Impresa Acquisition Corporation ("IAC") for itself and as sole member of Impresa Aerospace, LLC ("Impresa") and sole member and manager of Goose Creek, LLC ("Goose Creek," and with IHAC, IAC and Impresa, each a "Company" and together, the "Companies"), consent to and adopt the following resolutions:

**WHEREAS**, the Restructuring Committee has reviewed and has had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Companies regarding the liabilities and liquidity of each Company, the strategic alternatives available to it and the impact of the foregoing on each Company's business; and

**WHEREAS**, the Restructuring Committee has had the opportunity to consult with the management and the legal and financial advisors of the Companies to fully consider, and has considered, the strategic alternatives available to the Companies; and

**WHEREAS**, the boards of directors of IHAC and IAC for itself and as sole member of Impresa and sole member and manager of Goose Creek have determined, after consultation with the management and the legal and financial advisors of each Company, that it is desirable and in the best interests of each Company and its stockholders, creditors, and other interested parties that a voluntary petition be filed by each Company under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**NOW, THEREFORE, BE IT RESOLVED**, that the Restructuring Committee has determined, after consultation with the management and the legal and financial advisors, that subject to approval of the Bankruptcy Court, each Company, as a debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and hereby is, authorized to use cash collateral of the Companies' prepetition secured lender, Twin Haven Special Opportunities Fund IV, LP ("Twin Haven"), on the terms as may be approved by any officer of each Company (each, an "Authorized Person") as reasonably necessary for the continuing conduct of the affairs of the Companies, and to grant security interests in and liens upon all or substantially all of the Companies' assets as may be deemed necessary by any one or more of the officers in connection with the use of such cash collateral; and be it further

**RESOLVED**, that the Restructuring Committee has determined, after consultation with the management and the legal and financial advisors of the Companies, that subject to approval of the Bankruptcy Court, each Company, as a debtor and debtor in possession under

chapter 11 of the Bankruptcy Code, shall be, and hereby is, authorized to enter into that certain Asset Purchase Agreement by and among IHAC, IAC, Impresa Aerospace, LLC, and Goose Creek, LLC, as sellers, and Twin Haven or its designee(s), as purchaser (the "Stalking Horse APA") for the sale of substantially all of the Companies' assets, subject to higher or otherwise better offers, as may be further approved, modified, or amended by any Authorized Person, as may be reasonably necessary or desirable, and the execution and delivery by such Authorized Person shall be conclusive evidence of such Authorized Person's approval thereof and the necessity and desirability thereof, provided that any material modifications or amendments to the Stalking Horse APA will remain subject to the Restructuring Committee's approval; and be it further

RESOLVED, that (a) subject to approval of the Bankruptcy Court, the Authorized Persons shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, each Company, as a debtor and debtor in possession, to take such actions and execute, acknowledge, deliver, and verify such agreements, certificates, instruments, and any and all other documents, including any amendments or other modifications to the foregoing, as any of the Authorized Persons may deem necessary or appropriate to facilitate the sale contemplated by the Stalking Horse APA or one or more alternative sale(s) or transaction(s) in respect of the Companies' assets that individually, or in the aggregate, represent a higher or otherwise better transaction (such documents, the "Sale Documents"), provided that any material modifications or amendments to the Stalking Horse APA will remain subject to the Restructuring Committee's approval; (b) subject to approval of the Bankruptcy Court, any and all Sale Documents containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or desirable by any of the Authorized Persons are hereby approved; and (c) the actions of any Authorized Person taken pursuant to these joint resolutions, including the execution, acknowledgment, delivery, and verification of all agreements, certificates, instruments, and other documents, including any amendments or other modifications to the foregoing, shall be conclusive evidence of such Authorized Person's approval thereof and the necessity and desirability thereof; and be it further

RESOLVED, that each Company is authorized and directed, and the Authorized Persons shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, each Company, as a debtor and debtor in possession, to: (a) authorize counsel to draft, file, and seek approval of bidding procedures (the "Bidding Procedures") pursuant to which the Companies shall seek higher or otherwise better offers for the sale of all or substantially of their assets; (b) execute, deliver, and file on behalf of the Companies such affidavits or declarations as such Authorized Person, in his or her opinion, deems necessary or desirable in connection with obtaining approval of the Bidding Procedures; (c) take any and all such other actions as such Authorized Person, in his or her opinion, deems necessary or desirable in connection with obtaining approval of the Bidding Procedures and obtaining the highest or otherwise best offer for the Companies' assets, provided that any material modifications or amendments to the Bidding Procedures relating to Twin Haven, its bid or the Stalking Horse APA will remain subject to the Restructuring Committee's approval; and be it further

**IN WITNESS WHEREOF**, the undersigned members of the Restructuring Committee have executed this consent on the dates set forth below.

_____
Gregg Yorkison
Date: September 23, 2020

_____
Eric Jensen
Date: September 23, 2020

**IN WITNESS WHEREOF**, the undersigned members of the Restructuring Committee have executed this consent on the dates set forth below.

_____
Gregg Yorkison
Date: September 23, 2020

Eric Jensen
Date: September 23, 2020

Fill in this information to identify the case and this filing:

Debtor Name __Impresa Holdings Acquisition Corporation, et al._____

United States Bankruptcy Court for the: _____ District of _Delaware_
                                                                                    (State)

Case number (If known): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

Schedule H: Codebtors (Official Form 206H)

Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

Amended Schedule ____

■ Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the Largest Unsecured Claims and Are Not Insiders (Official Form 204)

■ Other document that requires a declaration  Consolidated Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  0 9 / 2 4 / 2 0 2 0 _____        _/s/ Steven F. Loye_____
                MM / DD / YYYY                      Signature of individual signing on behalf of debtor

                                                    Steven F. Loye_____
                                                    Printed name

                                                    Chief Executive Officer_____
                                                    Position or relationship to debtor