## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| **IMPRESA HOLDINGS ACQUISITION CORPORATION**, *et al.*, | Case No. 20-12399 (___) |
| Debtors.[1] | Joint Administration Requested |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO (I) FILE (A) A CONSOLIDATED LIST OF CREDITORS AND (B) A CONSOLIDATED LIST OF DEBTORS' TOP THIRTY CREDITORS, (II) PROVIDE NOTICES, INCLUDING NOTICES OF COMMENCEMENT OF CASES AND SECTION 341 MEETING, AND (III) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF DEBTORS' CURRENT AND FORMER EMPLOYEES

The above-captioned debtors and debtors in possession (the "Debtors") move (the "Motion") as follows:

### RELIEF REQUESTED

1.    The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors or their noticing and claims agent, as applicable, to (i) file (a) a consolidated list of creditors and (b) a consolidated list of the Debtors' 30 largest unsecured creditors;[2] (ii) complete all mailings of notices, including notices of the commencement of these cases and of the meeting of creditors pursuant to section 341 of the Bankruptcy Code (as defined below); and (iii) redact certain personally identifiable information of the Debtors' current and former employees on the Debtors' consolidated list of creditors and

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Impresa Holdings Acquisition Corporation (5982); Impresa Acquisition Corporation (6088); Impresa Aerospace, LLC (1706); and Goose Creek, LLC (5777).  The Debtors' mailing address is 344 W 157th St, Gardena, CA 90248.

[2]    In connection with this request, the Debtors also request authority to submit one declaration under Bankruptcy Rule 1008 verifying the validity of the consolidated list of creditors and the validity of the Consolidated Top 30 List (as defined below).

all other filings containing the Debtors' employees' home addresses; and (iv) granting such other and further relief as the Court deems just and proper.  In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of Steven F. Loye in Support of First Day Relief* (the "Loye Declaration")[3] filed concurrently herewith.

## JURISDICTION

2.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      The statutory bases for the relief requested herein is sections 105(a), 107(c), 341 and 521(a) of title 11 of the United States Code (the "Bankruptcy Code") and section 156(c) of title 28 of the United States Code, as supplemented by rules 1007(b) and (c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 1001-1(c), 1007-1(b) and 2002-1.

---

[3]      Capitalized terms not defined herein are defined in the Loye Declaration.

**BACKGROUND**

5.    On September 24, 2020 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court.  The Debtors have requested joint administration of their chapter 11 cases for procedural purposes. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee, examiner or official committee has been appointed in these cases.

6.    The Debtors are a premier supplier in the aerospace industry that offer a diverse range of manufacturing services, from sheet metal fabrication, precision machining, and aluminum extrusion to more-advanced services, such as hydroforming and titanium hot brake forming, to produce parts and equipment for nearly every aerospace platform, including commercial jets, regional and business aircraft, military aircraft, and civilian and military helicopters.

7.    Additional detail regarding the Debtors, their business, the events leading to the commencement of these cases, and the facts and circumstances supporting the relief requested herein is set forth in the Loye Declaration and is incorporated herein by reference.

**BASIS FOR RELIEF**

**I.        Request for authority to file consolidated list of creditors.**

8.    The Debtors have identified hundreds of entities and individuals to which notice of certain events or requests for relief in these chapter 11 cases may need to be provided. The Debtors anticipate that such notice of events will include, without limitation, notice of: (a) the filing of the Debtors' voluntary petitions under chapter 11 of the Bankruptcy Code; (b) the initial meeting of the Debtors' creditors in accordance with section 341 of the Bankruptcy Code; and (c) applicable bar dates for the filing of claims (collectively, the "Notices").

9.      Bankruptcy Rule 1007(a)(1) provides, among other things, that "the debtor shall file with a petition a list containing the name and address of each entity included or to be included on" a list of a debtor's unsecured creditors.  Similarly, Local Rule 1007-2 provides that the debtor must file "a list containing the name and complete address of each creditor in such format as directed by the Clerk's Office Procedures."  The Debtors presently maintain various computerized lists of the names and addresses of their respective creditors, contract and lease counterparties and other parties that are or may be entitled to receive the Notices and other documents in these chapter 11 cases.  The Debtors believe that the information, as maintained in their computer files (or those of their agents), may be consolidated and utilized efficiently to provide interested parties with the Notices and other similar documents, as contemplated by Local Rule 1007-2.  Accordingly, by this Motion, the Debtors seek authority to file the lists on a consolidated basis, identifying their creditors and other parties in the format or formats currently maintained or developed in the ordinary course of the Debtors' businesses.

10.     Moreover, concurrently with this Motion, the Debtors have filed an application (the "Claims and Noticing Agent Application") seeking the retention and appointment of Stretto ("Agent") as claims and noticing agent in these chapter 11 cases.  If the Claims and Noticing Agent Application is granted, the Agent will, among other things, (a) assist with the consolidation of the Debtors' computer records into a creditor and security holder database and (b) complete the mailing of the Notices to the parties in these databases.  After consultation with the Agent, the Debtors believe that filing the lists in the format or formats currently maintained in the ordinary course of business will be sufficient to permit the Agent to notice promptly all applicable parties as required by Local Rule 1007-2.

**II.      Request for authority to file consolidated list of debtors' top 30 unsecured creditors.**

11.      Pursuant to Bankruptcy Rule 1007(d), a chapter 11 debtor must file with its voluntary petition a list setting forth the names, addresses and claim amounts of the creditors, excluding insiders, that hold the 20 largest unsecured claims in the debtor's case (a "Top 20 List").  The Top 20 List is primarily used by the United States Trustee (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against the debtor and thus identify potential candidates to serve on an official committee of unsecured creditors appointed pursuant to section 1102 of the Bankruptcy Code.[4]

12.      The Debtors submit that a single consolidated list of their combined 30 largest unsecured creditors in these cases would be more reflective of the body of unsecured creditors that have the greatest stake in these cases than separate lists for each of the Debtors. Indeed, a list of the combined top 30 creditors captures creditors with claims as low as approximately $600.  In this light, any marginal benefit to preparing individual creditor lists for each of the Debtors is far outweighed by its burden and expense.  Therefore, the Debtors respectfully request authorization to file a single consolidated list of their 30 largest unsecured creditors in these cases (the "Consolidated Top 30 List").

13.      The Debtors believe that such relief is not only appropriate under the circumstances, but necessary for the efficient and orderly administration of these cases.

---

[4]      "The purpose of the separate list of 20 largest creditors required by this provision in the rules is to enable the clerk to identify members and the court to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. § 1102(a)(1)."  *In re Dandy Doughboy Donuts, Inc.*, 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986); *see also* 9 COLLIER ON BANKRUPTCY ¶ 1007.04 (Alan N. Resnick et al. eds., 16th ed. rev. 2012) ("[T]he larger [unsecured creditor] list and information about the claims of the creditors on the list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed.").

5

### III.    Mailings.

14.    In lieu of effecting service through the Office of the Clerk of this Court, the Debtors also request that they (or the Agent) be approved and authorized to complete all mailings to creditors and equity holders in these cases, including notice of the commencement of these cases and notice of the meeting of creditors pursuant to section 341 of the Bankruptcy Code.  Indeed, Local Rule 2002-1(f) requires the Debtors to file a motion for the retention of a claims and noticing agent because the Debtors have more than 200 creditors.  Allowing the Debtors (or their Agent) to complete their own mailings will save significant time, cost and expense for the Court and its personnel.

### IV.    Request to redact certain personally identifiable information of the Debtors' current and former employees.

15.    Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . any means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code.  11 U.S.C. § 107(c)(1)(A).  Moreover, section 105 of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  The Debtors respectfully submit that cause exists to authorize the Debtors to redact address information of the Debtors' current and former employees from the consolidated list of creditors because such information could be used to perpetrate identity theft, harassment, or for other unwanted or improper purposes.  The Debtors propose to provide an unredacted version of the consolidated list to the Office of the United States Trustee for the District of Delaware, counsel to any official committee appointed in these cases, the Court, and any other party as the Court may direct.

6

Courts in this district have granted relief similar to the relief requested in this paragraph.  *See, e.g.*, *In re Clover Techs. Grp., LLC, et al.*, Case No. 19-12680 (KBO) [D.I. 146], 24:15–26:23 (Bankr. D. Del. Jan. 22, 2020); *Keystone Tube Company, LLC*, Case No. 17-11330 (LSS) (Bankr. D. Del. June 20, 2017); *In re Triangle USA Petroleum Corporation, et al.*, Case No. 16-11566 (MFW) (Bankr. D. Del. July 5, 2016).

16.     In *In re Promise Healthcare Grp., LLC*, Case No. 18-12491 (CSS) [D.I. 221] (Bankr. D. Del. Dec. 4, 2018), the Court authorized the debtors to seal their employees' home addresses, noting:

> The issue is not one of morale; it is one of protection and protecting the identity of the employees. . . . [I]t becomes a balancing act: what are we trying to protect versus what are we trying to preserve.  And certainly, preserving the transparency of a bankruptcy and the identity of the creditors being revealed is part of that. . . . [T]he other side of that, the risk to those employees, is quite high.

*Transcript of Dec. 4, 2018 Hearing* [D.I. 228] at 18:5–7, 19:7–10, 19:14–15.  Separately, in *In re L.K. Bennett U.S.A., Inc.*, Case No. 19-10760 (KG) [D.I. 46] (Bankr. D. Del. Apr. 9, 2019), the Court reiterated the balancing act noted in *Promise Healthcare*, finding that "privacy concerns win out in this particular circumstance" and authorizing the debtor to redact employee addresses from its creditor matrix.  *Transcript of Apr. 9, 2019 Hearing*, at 17:2-6.

17.     Further, in *In re Searchmetrics, Inc.*, the Court authorized the debtor to seal its employees' home addresses under section 107 of the Bankruptcy Code.  Case No. 17-11032 (CSS) (Bankr. D. Del. May 9, 2017); *see also Keystone Tube Company, LLC*, Case No. 17-11330 (LSS) (Bankr. D. Del. June 20, 2017) (ordering that debtors were not required to publicly file addresses of current employees on creditor matrix); *In re Model Reorg Acquisition, LLC*, Case No. 17-11794 (CSS) (Bankr. D. Del. Aug. 29, 2017) (same); *In re Triangle USA*

*Petroleum Corporation, et al*., Case No. 16-11566 (MFW) (Bankr. D. Del. July 5, 2016) (same);

*In re Delivery Agent, Inc*., Case No. 16-12051 (LSS) (Bankr. D. Del. Sept. 16, 2016)

(authorizing the redaction of address information of the debtors' current and former employees).

18.     In these cases, the risk of identity theft or injury to innocent individual

employees outweighs the presumption in favor of public access to judicial records and papers.

*See In re Continental Airlines*, 150 B.R. 334, 341 (D. Del. 1993).  There is minimal, if any,

benefit to the public disclosure of the Debtors' employees' personal home addresses in these

chapter 11 cases.  To publicly disclose each individual employee's home address would create an

undue risk of identity theft for the individual employees as well as other potential risks to the

employees' welfare.  Moreover, the Debtors will instruct Stretto, as its noticing agent, to serve

the employees at their personal home addresses, so employees will receive the same notice in

these chapter 11 cases without the unnecessary public disclosure of their personal home address.

Thus, despite the presumption in favor of public access, the privacy concerns at issue here

support an order authorizing the Debtors to redact their current and former employees' home

addresses from the consolidated list of creditors.

## NOTICE

19.     Notice of this Motion is being provided to: (a) the Office of the United

States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of

Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d);

(c) counsel to Twin Haven Special Opportunities Fund IV, L.P., the Debtors' prepetition secured

lender; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) the

United States Attorney's Office for the District of Delaware; and (g) any party that has requested

notice pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that no further notice

of this Motion is required under the circumstances.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached as **Exhibit A,** granting the relief requested in this Motion, and grant such other relief as is just and proper under the circumstances.

Dated: September 24, 2020        MORRIS, NICHOLS, ARSHT & TUNNELL LLP
      Wilmington, Delaware

                        */s/ Paige N. Topper*
                        Robert J. Dehney (No. 3578)
                        Matthew B. Harvey (No. 5186)
                        Paige N. Topper (No. 6470)
                        Taylor M. Haga (No. 6549)
                        1201 N. Market Street, 16th Floor
                        Wilmington, Delaware 19801
                        Telephone: (302) 658-9200
                        Facsimile: (302) 658-3989
                        rdehney@mnat.com
                        mharvey@mnat.com
                        ptopper@mnat.com
                        thaga@mnat.com

                        *Proposed Counsel to the Debtors and*
                        *Debtors in Possession*

# **<u>EXHIBIT A</u>**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| **IMPRESA HOLDINGS ACQUISITION CORPORATION**, *et al.*, | Case No. 20-12399 (___) |
| Debtors.[1] | Jointly Administered |
| | **Re: D.I.** ___ |

**ORDER AUTHORIZING THE DEBTORS TO (I) FILE (A) A CONSOLIDATED LIST OF CREDITORS AND (B) A CONSOLIDATED LIST OF DEBTORS' TOP THIRTY CREDITORS; (II) PROVIDE NOTICES, INCLUDING NOTICES OF COMMENCEMENT OF CASES AND SECTION 341 MEETING; AND (III) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF DEBTORS' CURRENT AND FORMER EMPLOYEES**

Upon the motion (the "Motion"),[2] of the above captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") pursuant to sections 105(a), 107(c), 341 and 521(a) of the Bankruptcy Code and section 156(c) of title 28 of the United States Code, as well as Bankruptcy Rule 1007 and Local Rules 1001-1(c), 1007-2, and 2002-1 authorizing the Debtors to: (i) file (a) a consolidated list of creditors and (b) a consolidated list of the Debtors' 30 largest unsecured creditors; (ii) complete all mailings of notices, including notices of the commencement of these cases and of the meeting of creditors pursuant to section 341 of the Bankruptcy Code; and (iii) redact certain personally identifiable information of the Debtors' current and former employees on the Debtors' consolidated list of creditors and all other filings containing the Debtors' employees' home addresses, all as more fully described in the Motion; and upon consideration of the Loye Declaration; and due and sufficient notice of the Motion having been given under the circumstances; and it appearing that

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Impresa Holdings Acquisition Corporation (5982); Impresa Acquisition Corporation (6088); Impresa Aerospace, LLC (1706); and Goose Creek, LLC (5777).  The Debtors' mailing address is 344 W 157th St, Gardena, CA 90248.

[2]     Capitalized terms not defined herein are used as defined in the Motion.

no other or further notice need be provided under the circumstances; and it appearing that the relief requested by this Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized to file a consolidated list of creditors in such a format as directed by the Clerk's Office Procedures.

3.      The Debtors are authorized to file a Consolidated Top 30 List.

4.      The Debtors are authorized to file one declaration under Bankruptcy Rule 1008 in connection with the consolidated list of creditors and the Consolidated Top 30 List.

5.      The Debtors or their noticing and claims agent, Stretto, are hereby authorized to complete all mailings in these chapter 11 cases which are required under the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules of this Court.

6.      The Debtors are authorized to redact address information of the Debtors' current and former employees from the consolidated list of creditors and all other filings containing the Debtors' employees' home addresses, provided that an unredacted copy shall be provided to the Office of the United States Trustee for the District of Delaware, counsel to any official committee appointed in these cases, the Court, and any other party as the Court may direct.

7.      Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) the terms of this Order shall be immediately effective and enforceable upon its entry; (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (iii) the Debtors may, in their discretion and without further delay, take any action or perform any act authorized under this Order.

8.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: _____, 2020
       Wilmington, Delaware


_____
THE HONORABLE [●]
UNITED STATES BANKRUPTCY JUDGE